UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACY M. BARRY, SARAH BARRY, DENVER
BARRY, and JAMIE LEE OLIVER,

           Plaintiffs,

-vs-                                           Case No. 2:08-cv-641-FtM-29DNF

KEVIN RAMBOSK, as Sheriff of Collier County,
Florida, and JUAN MANUEL MUNIZ,

           Defendants.
_____

## ORDER

This matter comes before the Court on the Defendants' Motion for Court Order Allowing Defendants' Insurance Adjuster to Appear by Phone at Settlement Conference (Doc. #62) filed on February 8, 2010. The Plaintiff filed an Objection to Order Allowing Defendants' Insurance Adjuster to Appear by Telephone at Settlement Conference (Doc. #63). The Motion is ripe for review.

The Defendants move the Court for permission to have their insurance adjuster, Mr. Joe Gillespie, from the Florida Sheriffs' Self Insurance Fund appear by telephone at the settlement conference scheduled for Friday, February 12, 2010. As grounds, Counsel indicates that Mr. Gillespie is located in Tallahassee, Florida, and is unavailable to appear in person. The Plaintiff objects to the adjuster's telephonic appearance, indicating that since her clients were required to attend, the adjuster should also be required to attend in person as he is a fully authorized settlement representative.

District courts have broad discretion in managing their cases. Chrysler Int'l Corp. v. Chenaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The Court does recognize that telephonic hearings are

encouraged. See Local Rule 3.01 However, the Court is also clear on the purpose of settlement conferences, and mandatory appearance is necessary in order to facilitate a good-faith effort towards settlement, unless extenuating circumstances apply.

In this case, the District Court mandated the parties appear before the undersigned for a settlement conference prior to the trial term. The Court made an effort to extend accommodations to Counsel and the parties, given the limited amount of time. It stands to reason that requests for telephonic appearance were inevitable. While the insurance adjuster has settlement authority, it is not atypical for the adjuster to appear telephonically for hearings given their geographical locations and position in the cases. Further, it is understandably important for the parties to attend a mediation conference, and in this case, the named parties and their respective counsel are attending in person. Thus, having found good cause, the Court will allow the adjuster to appear telephonically. All other parties are mandated to appear at the scheduled settlement conference fully prepared to mediate in good faith, in accordance with the District Court's directive.

Accordingly, it is now **ORDERED:**

The Defendants' Motion for Court Order Allowing Defendants' Insurance Adjuster to Appear by Phone at Settlement Conference (Doc. #62) is **GRANTED**. The Plaintiff's request for continuance of the settlement conference is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of February, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record